**CAMDEN WOOLEN CO. v. EASTERN S. S. LINES, Inc.**

(Circuit Court of Appeals, First Circuit. June 8, 1926.)

No. 1995.

1. **Appeal and error** $\iff$994(3), 1012(1)—Circuit Court of Appeals cannot review findings of fact, and pass on weight of evidence and credibility of witnesses, but may only determine whether findings are supported by evidence.

Circuit Court of Appeals cannot review findings of fact, and pass on the weight of evidence and credibility of witnesses, but may only determine whether there is any evidence from which findings could have been made.

2. **Shipping** $\iff$132(5)—Evidence held to warrant finding that shipper had notice of arrival of wool and soap on wharf more than 72 hours prior to fire, as required by bills of lading.

In action for loss of goods destroyed by fire on carrier's wharf, evidence *held* to warrant finding that shipper had notice of arrival of wool and soap on wharf more than 72 hours prior to fire, as required by bills of lading.

3. **Shipping** $\iff$132(5)—Evidence held insufficient to warrant finding that shipper had notice of arrival of oakite 72 hours or more before fire.

In action for loss of goods destroyed by fire on carrier's wharf, evidence *held* insufficient to warrant finding that shipper had notice of arrival of oakite 72 hours or more before fire.

In Error to the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Action by the Camden Woolen Company against the Eastern Steamship Lines, Inc. Judgment for defendant (8 F.[2d] 162), and plaintiff brings error. Judgment vacated, and case remanded.

Zelma M. Dwinal, of Camden, Me., for plaintiff in error.

Nathan W. Thompson, of Portland, Me., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action at law, brought by the Camden Woolen Company, a Maine corporation, against the Eastern Steamship Lines, Inc., also a Maine corporation, operating vessels between Boston, Mass., and various ports along the coast of Maine, including Camden, to recover damages for the loss of certain goods shipped by the plaintiff over defendant's line; the goods being destroyed by fire while on defendant's wharf at Camden, Me., on the morning of August 2, 1924. The action was brought in the state court, and removed to the federal court, on the ground that the case involved the construction and application of a federal statute, the Interstate Commerce Act (Comp. St. § 8563 et seq.).

The plaintiff's declaration charged the defendant (1) with absolute liability by reason of its failure to notify the plaintiff of the arrival of the shipments 72 hours prior to the fire; and (2) as a warehouseman for negligence in allowing the property to be destroyed by fire after its arrival. The defendant pleaded the general issue, and as a special defense set up the contract contained in the bills of lading under which the shipments were made. The bills of lading were uniform bills, providing that the consignee should have 72 hours in which to take delivery of the goods after notice of the arrival had been "duly sent or given."

At the hearing the plaintiff waived its charge of negligence, and the only issue tried

was the one first above outlined. The trial was before the District Judge, a jury being waived. The court having found for the defendant, judgment was entered in its behalf, and this writ of error prosecuted.

In its assignments of error the plaintiff complains that the court erred (1) in finding that notice of the arrival of the goods was duly sent or given to the plaintiff under the terms of the bills of lading at least 72 hours before August 2, 1924, and that the defendant was acting as warehouseman for the goods at the time of the fire; (2) in finding that the plaintiff had knowledge for more than 72 hours previous to the fire that the goods were upon the defendant's terminal in Camden, and that for its own convenience in the course of manufacturing it had not taken possession of them; (3) in concluding, as a matter of law, that custom or usage between the parties can be invoked to aid in interpreting the contract; and (4) in concluding, as a matter of law, that the scope and intent of the contract is to give the consignee ample knowledge of the arrival of the goods at the point of destination.

It appears that the plaintiff made two shipments of wool from Philadelphia to Boston by way of the Merchants' & Miners' Line, and thence by the defendant's line to Camden. The first shipment was of 20 bales of wool, and the second of 29 bales. The third shipment was of 5 barrels of soap from Boston to Camden, and the fourth was of 3 barrels of oakite from New York to Boston and thence to Camden. The goods were destroyed by fire while at the defendant's terminal in Camden.

It was conceded that under the bills of lading the plaintiff had 72 hours after notice of arrival of the goods in which to remove them before the defendant would be released of its absolute liability as common carrier, and the questions litigated were: (1) When did the goods arrive on the dock at Camden; and (2) whether notice was sent or given to, or knowledge of their arrival had by, the plaintiff 72 hours or more prior to 2 o'clock a. m., August 2, 1924, the time of the fire.

It was found that of the 20-bale lot 2 bales, and of the 29-bale lot 15 bales, were destroyed by fire, the balance of each lot having been previously called for and removed by the plaintiff; that freight bills covering the shipments of wool and the soap were sent by the defendant to, and were received by, the plaintiff on or about July 15; that the two shipments of wool and the shipment of soap arrived on the dock in Camden previous to July 15; that the oakite arrived about a

week after the wool and prior to July 21, and the freight bill for it was sent to and received by the plaintiff on July 21; that all the shipments arrived much more than 72 hours prior to August 2, 1924; that the defendant's agent, Brown, never sent freight bills unless the goods were received on the wharf or had been delivered to the consignee; that the freight bills for the wool and soap were sent to the plaintiff after the goods had arrived; that the 20 bales making up the first lot arrived in Camden together, and that the same was true of the arrival of the second lot of 29 bales; and that the sending of the freight bills after the reception of the goods on the wharf was in itself a substantial compliance with the terms of the bills of lading, requiring that notice of the arrival of the goods be duly sent or given. It was further found that the plaintiff had knowledge more than 72 hours previous to the fire that all the goods in question were upon the terminal in Camden, and that for its own convenience in the course of manufacture it had not taken possession of them.

In the course of his opinion the court below made the following statements or rulings:

(1) "The testimony of the usage of the parties is received in evidence, not to contradict the contract, but to aid in its interpretation, and as tending to show that the parties made the contract, having in mind their custom, of many years' standing, in reference to notice of the arrival of goods on the terminal."

(2) "In the case at bar, the 'scope and intent' of the contract is clearly to give a consignee ample knowledge of the arrival of goods at the point of destination. To effect this end notice must be 'duly sent or given'; after such notice the consignee must have 72 hours to get its property."

To these statements or rulings the plaintiff excepted, and they are the subjects of the third and fourth assignments, respectively. In view of the findings of fact, we regard the questions sought to be raised by these assignments as immaterial, as their solution will in no way aid in the decision of the case; that the only question material to its disposition is whether there was any substantial evidence from which the court below was warranted in finding that the plaintiff had received notice and knew of the arrival of the two shipments of wool and of the shipments of soap and oakite 72 hours or more prior to the fire.

[1, 2] The case was argued before us as though we were authorized to review the findings of fact, and pass upon the weight of

the evidence and the credibility of the witnesses. That is not the case. As before stated, our province is simply to say whether there was any evidence from which the findings could have been made. As to this we are satisfied that there was ample evidence that all the shipments, except the oakite, arrived on the wharf in Camden on or before July 15; that the plaintiff received notice and knew of their arrival much more than 72 hours prior to the fire; and that the findings of the court material to a decision of the rights of the parties with reference to the shipments of the wool and soap were not only supported by the evidence, but clearly right.

[3] But as to the oakite, after an extended examination of the record, we are unable to find any evidence from which it could be found that it was received on the wharf before July 21, or that it was received and notice given or knowledge had by the plaintiff of its receipt 72 hours or more before the fire. According to Defendant's Exhibits M and N, it does not appear to have been shipped from New York until July 22, and we are unable to find any testimony or other evidence showing when it arrived at Camden, or when the plaintiff received notice of its being there. Such being the situation, the judgment must be vacated, and the case remanded to the District Court for further proceedings.

The judgment of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the plaintiff in error to recover costs in this court.